IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TERRENCE B. FRANKLIN, §
(TDCJ No. 931522) §
VS. § CIVIL ACTION NO.4:08-CV-377-Y
 §
 §
G.W. HULL, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Terrence B. Franklin's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Franklin, an inmate at the Texas Department of Criminal Justice's Gurney unit, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 while he was housed at the Tarrant County jail. In response to a Court order, he filed a more definite statement. Franklin names as defendants G.W. Hull, the Tarrant County Narcotics Intelligence Coordination Unit, and the Fort Worth Police Department. (Compl. Style; § IV(B).) In his complaint, Franklin challenges the seizure of his currency and other personal property during a February 2007 arrest, on two counts of possession of a controlled substance and one count of being felon in possession of a firearm. (Compl. § V; More Definite Statement (MDS) ¶ 7.) Franklin acknowledges that he pleaded guilty to possession of a controlled substance and received deferred adjudication. (MDS ¶ 7.) He also acknowledges that he is presently being held on a "blue warrant" charging violations of parole based upon the controlled-substance offense he challenges. (MDS ¶ 8) In the complaint and more definite statement, Franklin challenges the legality of the seizure of the drugs and of the

currency and other property, and he seeks return of the currency and other property. (Compl. §§ V, VI; MDS ¶ 1.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

The Court concludes that Franklin's claims regarding the seizure of the controlled substances are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court declaratory and

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

injunctive-type relief against the seizure of drugs and personal property.  In *Heck v. Humphrey,*[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be made pursuant to *Heck.*[8]

Plaintiff's challenges to the seizure of the cocaine and claim that he is innocent of the possession of cocaine charge to which he pleaded guilty and received deferred adjudication, if successful, necessarily would imply the invalidity of his present incarceration. This is true even to the extent his present incarceration results from a parole violation resulting from the underlying cocaine possession charge, as the Fifth Circuit has extended *Heck* to

---

[6] 512 U.S. 477, 486-87 (1994).

[7] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[8] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)(extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

proceedings challenging the fact or duration of confinement.[9] A ruling granting Franklin relief would implicate the validity of his underlying plea and deferred adjudication probation, which Franklin cites as the basis for his revocation of parole.[10] Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement––either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody"[11]––the prisoner must pursue such claim through habeas corpus or similar remedies. As Franklin seeks a judicial determination that implies the unlawfulness of his custody, the *Heck* rule bars his claims. Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[12] As a result, Plaintiff's

---

[9]*See Littles v, Board of Pardons and Paroles Division,* 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Board of Pardons and Paroles Division,* 47 F.3d 158, 161 (5th Cir. 1995).

[10]*See generally Beachum v. City of Dallas,* No.3-06-CV-2203-R, 2007 WL 2071554, at *4-5 (N.D.Tex. July 13, 2007)(finding challenges to no contest plea and deferral of adjudication which became basis for parole revocation barred by *Heck*); *Saenz v. Herndon,* No.3:06CV1091-D, 2006 WL 3438665, at *3 (N.D.Tex. Nov. 29, 2006)(challenges to guilty plea and deferred adjudication barred by *Heck*).

[11]*Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

[12]*See McGrew,* 47 F.3d at 161 (5th Cir. 1995).

4

claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[13]

Franklin expressly seeks the return to him of currency and personal property seized at the time of his arrest, and alleges that the taking of currency and items violated his right to due process of law.[14] In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[15] Plaintiff's allegations as to the deprivation of property fail to satisfy the first element. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or

---

[13] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[14] Because Franklin alleges that the property and currency taken from him has not yet been the subject of a forfeiture proceeding, the Court is unable to reach whether such claims are barred by the *Heck* doctrine. *Cf Gay v. United States,* No. H-06-3661, 2006 WL 3499543, at *3 (S.D.Tex. Dec. 5, 2006)

> ("Because the plaintiff's allegations implicate the validity of the forfeiture judgment, the rule in *Heck* applies to the pending complaint. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994) (applying *Heck* to a *Bivens* claim); *see also Dadi v. Hughes*, 67 Fed. App'x 242, 2003 WL 21108550 (5th Cir.) (No. 02-21164) (agreeing that the rule in *Heck* bars a challenge to the validity of an in rem forfeiture), *cert. denied*, 540 U.S. 962 (2003); *Cooper v. United States*, 44 Fed. App'x, 2002 WL 1396975 (5th Cir.2002)(same)"),

*aff'd, Gay v. United States,* 250 Fed. Appx 643, 2007 WL 3005232, at *1 (5th Cir. October 15, 2007)(unpublished).

[15] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

5

property without due process of law."[16] Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[17] Thus, in challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[18] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[19] Because Texas provides an adequate post-deprivation remedy, Franklin's claim concerning the taking of his currency[20] and personal property does not rise to a violation of the

---

[16] U.S. CONST. amend. XIV § 1.

[17] *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[18] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[19] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[20] *See Cannon v. Howard,* No. 99-11424, 2000 WL 992502, at *1 (5th Cir. 2000)(noting that inmate had provided no authority "for the assertion that the *Parrat/Hudson* doctrine does not apply to the taking of money as well as personal property")(unpublished); *see also Scott v. Coady,* No.08-4649, 2008 WL 4891114, at *4, (E.D.La. Oct. 22, 2008)(noting that the *Parrat/Hudson* doctrine applies even outside the prison context)(citing *Quickie Chickie, Inc., v. Sexton,* 194 Fed. Appx. 259, 2006 WL 2460909, at *1 (5th Cir. 2006)).

Due Process Clause.[21] Thus, Franklin's allegations concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and(ii).[22]

Therefore, all claims for relief under 42 U.S.C. § 1983 based upon the taking of currency and personal property are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

All of Plaintiff's remaining claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met,[23] pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED January 21, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[21] *See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

[22] Such dismissal is, of course, without prejudice to Terrence B. Franklin's right to assert any state law tort claims arising out of the same facts in state court.

[23] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).